FILED
United States Court of Appeals
Tenth Circuit

January 16, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE FARRIS,

    Defendant - Appellant.

No. 22-1412
(D.C. No. 1:22-CR-00149-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

Defendant Maurice Farris entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of imprisonment of thirty-seven months, to be followed by a three-year term of supervised release. Farris now appeals, arguing that the district court should have dismissed the indictment on the grounds that § 922(g)(1) is unconstitutional under the Second Amendment. After Farris filed his appeal, however, this court rejected the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

precise argument that Farris now asserts in his appeal.  Consequently, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

I

On May 4, 2022, a federal grand jury indicted Farris on a single count of being a felon in possession of a firearm, in violation of § 922(g)(1).  The indictment alleged that on April 19, 2022, Farris, who had previously been convicted of a felony, knowingly possessed a firearm and ammunition.

Farris moved to dismiss the indictment, arguing that the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), "marked a dramatic shift in Second Amendment law" and effectively overruled Tenth Circuit precedent upholding the constitutionality of § 922(g)(1)'s ban on the possession of firearms by convicted felons.  ROA, Vol. I at 32; *see United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (rejecting Second Amendment and Commerce Clause challenges to § 922(g)(1)).  After hearing arguments on Farris's motion to dismiss, the district court denied the motion.

Farris then entered into a written plea agreement with the government.  Under the terms of the agreement, Farris agreed to plead guilty to the single charge alleged in the indictment.  Farris also "agree[d] to waive appellate review of any and all motions filed by him in this matter, except those raised in his Motion to Dismiss the Indictment under the Second Amendment and the Court's . . . oral denial of the Motion."  ROA, Vol. I at 62.

On November 18, 2022, the district court sentenced Farris to a term of imprisonment of thirty-seven months, to be followed by a three-year term of supervised release. Judgment was entered in the case that same day. Farris thereafter filed a timely notice of appeal.

## II

Farris argues in his appeal, as he did in his motion to dismiss, that § 922(g)(1) is unconstitutional under the Second Amendment. Farris concedes, however, that after he filed his appeal, a panel of this court addressed and rejected the very same arguments that he asserts in his appeal. Specifically, in *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), *cert. docketed*, No. 23-683 (U.S. Dec. 26, 2023), a panel of this court "conclude[d] that *Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*." In reaching this conclusion, the panel in *Vincent* noted in relevant part that "[t]hough *Bruen* created a new test for determining the scope of the Second Amendment, the [Supreme] Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons" and that, in fact, "*Bruen* contain[ed] two potential signs of support for these prohibitions." *Id*. at 1201.

In a joint supplement filed with this court, Farris "agrees that his constitutional challenge to § 922(g)(1) before this Court is foreclosed by *McCane* and *Vincent* and [he] does not oppose a summary affirmance for that reason." Joint Supp. at 2–3. Farris asserts only that "he seeks to preserve the claim for possible en banc reconsideration or Supreme Court review." *Id*. at 3. In light of Farris's concession,

3

we agree that a summary affirmance is appropriate. *See United States v. Borne*, No. 23-8008, 2023 WL 6383732 at *1 (10th Cir. Oct. 2, 2023) (summarily affirming district court's decision upholding the constitutionality of § 922(g)(1) in light of *Vincent*).

<div align="center">III</div>

The judgment of the district court is AFFIRMED.

<div style="margin-left: 50%">Entered for the Court</div>

<div style="margin-left: 50%">Mary Beck Briscoe<br>Circuit Judge</div>